UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MARGARET MOTHE** | **CIVIL ACTION** |
| **VERSUS** | **NO. 10-2008** |
| **MOTHE LIFE INSURANCE COMPANY** | **SECTION "H" (5)** |

## ORDER AND REASONS

The matter before the Court is Defendant's, Mothe Life Insurance Company, Motion for Summary Judgment. (Doc. 32.) The Court previously ruled on one of the two issues presented in Defendants' Motion. (see Doc. 83.) Thus, the only issue left to resolve is Mothe Life Insurance Company's contention that the deferred compensation agreement between Emile Mothe and Mothe Life Insurance Company was a top hat welfare plan under the Employee Retirement Income Security Act.

For the following reasons, Defendant's Motion is hereby **DENIED**.

## BACKGROUND

Facts

On July 20, 1999 Mothe Life Insurance Company ("Mothe Life") entered into a deferred compensation agreement ("the Agreement") to pay Emile Mothe, III, the sum of $9,000 a month

for a period of 120 months following the month of his retirement. The Agreement further provided that if Emile Mothe, III died while still employed, Mothe Life would pay $9,000 for 120 months following his death to an individual he previously designated or a designee in his Will.

Emile Mothe died on July 5, 2003 while still employed at Mothe Life. Emile Mothe previously designated his wife, Margaret, in his Last Will and Testament, as his primary beneficiary. According to the January 27, 2004 minutes of a board meeting at Mothe Life, the Board agreed to pay the payments as previously agreed upon. Mothe Life made payments in the amount of $108,000 for the years of 2004 and 2005. $27,000 was paid out in 2006.

Mothe Life discontinued making payments to Margaret Mothe. Plaintiffs subsequently filed suit on July 19, 2010 seeking judgment finding Mothe Life liable to Margaret Mothe for an amount representing all unpaid monthly payments from the date of Emile Mothe's death to the date of judgment with interest. Plaintiff further seeks declaratory judgment that the Contract is valid and that it requires $9,000 a month payments until the last of the 120 payments have been made.

Procedural History

On September 20, 2010 Mothe Life filed a Motion to Dismiss or alternatively Motion for Summary Judgment. The Court converted the Motion to Dismiss into a Motion for Summary Judgment and denied both arguments raised by the Defendant. (Doc. 12.) The Court held that no Employment Retirement Income Security Act ("ERISA") plan existed because a reasonable person could not ascertain the procedures for receiving benefits under the Agreement. *Id.* The Court also ruled that a genuine issue of material fact existed as to whether the Agreement between Mothe Life and Emile Mothe was dissolved by mutual consent. *Id.*

On January 3, 2012 Mothe Life filed a Motion for Summary Judgment. (Doc. 32.) Plaintiff subsequently filed a Memorandum in Opposition (Doc. 79) and Defendant filed a reply to Plaintiff's opposition. (Doc. 81.)

Oral argument was held on the Motion for Summary Judgment on March 28, 2012. The Court found that a genuine issue of material fact existed as to whether the Agreement was dissolved by the mutual consent of Emile Mothe and Mothe Life. The Court took under submission Mothe Life's assertion that the deferred compensation agreement between Emile Mothe and Mothe Life was a top hat welfare benefit plan under ERISA. (Doc. 83.)

Arguments of the Parties

Defendant argues that Mothe Life was permitted to terminate the Agreement at any time and for any reason because it constituted a "top hat" welfare benefit plan under ERISA. Due to the fact that ERISA preempts Plaintiff's state law claims, and because ERISA permits employers to unilaterally terminate top hat welfare benefit plans, Mothe Life had the unilateral right to terminate the Agreement at any time. Moreover, in light of ERISA's broad preemption provision, ERISA preempts state law contract claims relating to the Agreement.

Defendant's attach the Massachusetts Mutual Life Insurance Company Prototype Flexinvest Profit-Sharing/401(k) Plan ("the Plan") to its current Motion for Summary Judgment. This plan, they argue, governs Mothe Life's regular pension and insurance plan for employees and also supplements the procedures contained within the Agreement. Furthermore, it details the procedures for receiving benefits or making appeals. Mothe Life concludes that the Agreement coupled with Mothe Life's Plan documents show that the Agreement had sufficient procedures

such that an ERISA plan was in existence.

Plaintiff argues that Defendant fails to establish that Mothe Life Profit-Sharing and Pension Plan's procedures were a part of the Agreement. Nothing in the Plan indicates that the Agreement is subsumed in that plan. Additionally, nothing in the Agreement indicates that the procedures and appeals processes in the Plan are applicable. Moreover, the Defendant has provided absolutely no evidence to support the notion that the Agreement and the Plan work together such that the procedures contained within the Plan could be utilized as procedures for the Agreement. Ultimately, the Agreement cannot be considered an ERISA plan.

**LAW AND DISCUSSION**

Motion for Summary Judgment Standard

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). Additionally, "[s]ummary judgment is appropriate where the facts are not in dispute and the issue before the court poses a purely legal question." *Diversified Group, Inc. v. Van Tassel*, 806 F.2d 1275, 1277 (5th Cir. 1987).

In determining whether the movant is entitled to summary judgment, the Court views facts in the light most favorable to the non-movant and draws all reasonable inferences in her favor. *Coleman v. Houston Independent School District,* 113 F.3d 528 (5th Cir. 1997). After a proper motion for summary judgment is made, the non-movant must set forth specific facts showing that there

is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250, 106 S.Ct. 2505, 2411, 91 L.Ed.2d 202 (1986). The non-movant's burden, however is not satisfied by some metaphysical doubt as to the material facts, or by conclusory allegations, unsubstantiated assertions or a scintilla of evidence. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). Summary judgment is appropriate if the non-movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case." *Celotex Corp. v. Catrett,* 477 U.S. 317, 324, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

Discussion

After a review of the record, the Court finds that no ERISA plan exists. As such, ERISA is not applicable to the Agreement.

"ERISA applies to any employee benefit plan if it is established or maintained by an employer or an employee organization engaged in commerce or in any industry or activity affecting commerce." *Mem'l Hosp. Sys. v. Northbrook Life Ins. Co.*, 904 F.2d 236, 240 (5th Cir. 1990) (citing 29 U.S.C. § 1003(a)). The Act regulates certain pension and welfare plans that are offered to employees. *Id.*

Whether an ERISA plan exists is a question of fact. *Clancy v. Employers Health Ins. Co.*, 82 F.Supp. 2d 589, 593 (E.D. La. 1999)(*citing McDonald v. Provident Indem. Life Ins. Co.*, 60 F.3d 234, 235 (5th Cir. 1995). The Fifth Circuit uses a three-prong test to determine whether an employee benefit arrangement constitutes an ERISA plan. *Shearer v. Southwest Service Life Ins. Co.*, 516 F.3d 276 (5th Cir. 2008). To constitute an ERISA plan, the arrangement must be: (1) a plan; (2) not excluded from ERISA coverage by safe-harbor provisions established by Department of Labor; and

(3) established or maintained by employer with intent to benefit employees. Id. (citations omitted). "If any part of the inquiry is answered in the negative, the submission is not an ERISA plan." *Peace v. Am. Gen. Life Ins. Co.*, 462 F.3d 437, 439 (5th Cir. 2006)(citation omitted). On the other hand, "[i]f the Court finds that there is no genuine issue of fact as to the establishment of all three of these factors, then [Mothe Life] is entitled to judgment as a matter of law that an ERISA plan exists." *Clancy v. Employers Health Ins. Co.* 82 F.Supp.2d 589, 593 (E.D.La.,1999)

The focus on Defendant's argument was on the first prong of the inquiry. In fact, this Court notes that absolutely no argument was made by the Defendant concerning the fulfillment of the second or third requirements. Thus, this Court declines to address them. *See, e.g. Graham v. Metro. Life Ins. Co.*, 349 Fed. Appx. 957, 959-960 n.3 (5th Cir. 2009); *see also LeMaire v. La. Dep't of Transp. & Dev.,* 480 F.3d 383, 387 (5th Cir. 2007); *Askanase v. Fatjo*, 130 F.3d 657, 668 (5th Cir. 1997).

With respect to the first element, the appropriate question is whether or not the evidence would allow "a reasonable trier-of-fact to find that an ERISA plan did not exist." *McDonald v. Provident Indem. Life Ins. Co.*, 60 F.3d 234 (5th Cir. 1995). To ascertan whether a plan exists, a court must analyze whether, from the surrounding circumstances, a reasonable person could determine the intended benefits, beneficiaries, source of financing, and procedures for receiving benefits. *Meredith v. Time Ins. Co.,* 980 F.2d 352, 355 (5th Cir. 1993).

This Court has previously found that "the Agreement in question clearly describes the intended benefits and class of intended beneficiaries." (Doc. 12.) Additionally, "the Agreement indicates the source of financing for the benefits." *Id.* Lastly, while the Court previously held that

"the Agreement in question lacks clear procedures for receiving benefits" (Doc. 12), Mothe Life argues that it has attached new evidence such that this element is now satisfied.

A reasonable person can ascertain the procedures for receiving benefits by reference to other agreements. *See, e.g., Godelfer v. American General Group Ins. Co.,* 1990 WL 130616, 2 (E.D.La.,1990). The only mention of the Plan, which Defendant cites as providing appropriate procedures, in the Agreement is contained in one paragraph and recites as follows:

> Whereas, Mothe [Life] and Emile [Mothe] both want to provide to Emile [Mothe], as additional compensation for his services to Mothe [Life], a post-retirement income (or pre-retirement death benefits to his beneficiary) over and above what will be available to him under Mothe [Life]'s regular pension and insurance plan for employees.

Additionally, the 1990 Plan clearly cannot, and does not, reference the 1999 Agreement between Emile Mothe and Mothe Life.

This Court finds that this one paragraph does not provide enough guidance for a reasonable person to reference the Plan in order to ascertain the needed procedures. The Plan is acknowledged in the Agreement only to recognize that Emile Mothe will get additional compensation above and beyond his regular pension and insurance. Thus, the Plan is only named as an additional source of post-retirement income for Emile Mothe, not as a place to find procedures to follow for the Agreement. While the Plan may be referenced, this Court finds that a reasonable person could not ascertain the procedures for receiving benefits by this one statement in the Agreement.

In conclusion, based on the foregoing analysis, this Court finds that no ERISA plan exists. As such, ERISA is not applicable to the Agreement at issue.

## CONCLUSION

For the foregoing reasons, Defendant's, Mothe Life Insurance Company, Motion for Summary Judgment (Doc. 32) is hereby **DENIED**.

New Orleans, Louisiana on this 30th day of April, 2012.

                                              **JANE TRICHE MILAZZO**
                                           **UNITED STATES DISTRICT COURT JUDGE**